JWV/DAB Dec. 2010
GJ# 2

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | No. |
| ) | |
| **SHARON BUTLER ALEXANDER** ) | |

## INDICTMENT

### COUNT ONE
### [18 U.S.C. § 656]

The Grand Jury charges that:

**A.  NATURE AND PURPOSE OF THE SCHEME AND ARTIFICE**

1.  On or about the 20th day of June, 2006, in Jefferson County, in the Northern District of Alabama, the defendant,

**SHARON BUTLER ALEXANDER,**

being an employee of Peoples Bank, an institution then insured by the Federal Deposit Insurance Corporation ("FDIC"), with intent to injure and defraud Peoples Bank, willfully misapplied, embezzled, abstracted and purloined the sum of $2,500.00 of the moneys, funds, assets or securities intrusted to the custody and care of Peoples Bank held in account number XXXX8179 belonging to D.B., by transferring said

amount into the defendant's personal account at Peoples Bank bearing account number XXXX1542.

All in violation of Title 18, United States Code, Section 656.

## COUNT TWO
## [18 U.S.C. § 1344]

The Grand Jury charges that:

**A.   NATURE AND PURPOSE OF THE SCHEME AND ARTIFICE**

1.   From on or about the 3rd day of February, 2009, until on or about the 25th day of February, 2009, in Jefferson County, in the Northern District of Alabama, the defendant,

**SHARON BUTLER ALEXANDER,**

knowingly executed and attempted to execute a scheme and artifice to defraud Regions Bank, an institution then insured by the Federal Deposit Insurance Corporation ("FDIC"), of money and funds held in Regions Bank certificate of deposit bearing account number XXXXXX0447, and to obtain the said moneys and funds, which were under the custody and control of Regions Bank, by means of false and fraudulent pretenses, representations, and promises.

**B. THE SCHEME AND ARTIFICE**

2. It was part of the scheme and artifice that the defendant, while working as an employee of Regions Bank, would and did confirm that G.S., an individual known to the defendant, was the holder of Regions Bank account number XXXXXX0447.

3. It was further a part of the scheme and artifice that the defendant would and did cause Regions Bank certificate of deposit bearing account number XXXXXX0447, held in the name of G.S., to be cashed out prior to maturity.

4. It was further a part of the scheme and artifice that the defendant would and did cause Regions Bank to open a checking account bearing account number XXXXX3920 in the name of D.G., a fictitious person created by the defendant.

5. It was further a part of the scheme and artifice that the defendant used the funds obtained from Regions Bank certificate of deposit bearing account number XXXXXX0447, held in the name of G.S., totaling $18,699.54, to be deposited into Regions Bank checking account number XXXXX3920, and then used the starter checks associated with the checking account number XXXXX3920 in the name of D.G. to withdraw funds from that account.

6. It was further a part of the scheme and artifice that the defendant would and did benefit from a portion of said funds by taking them in the form of cash.

### C. EXECUTION OF THE SCHEME AND ARTIFICE

7. From on or about the 3rd day of February, 2009, and continuing through on or about the 25th day of February, 2009, in Jefferson County, in the Northern District of Alabama, the defendant,

**SHARON BUTLER ALEXANDER**,

for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud Regions Bank, an institution then insured by the FDIC, of money and funds held in Regions Bank certificate of deposit in the name of G.S., bearing account number XXXXXX0447 and to obtain the said moneys and funds, which were under the custody and control of the said Regions Bank, by means of false and fraudulent pretenses, representations, and promises, did knowingly cash out the certificate of deposit belonging to G.S. and had the funds from the certificate of deposit deposited into a checking account bearing account number XXXXX3920 in the name of D.G., from which the defendant withdrew $16,300.00, to which the defendant had no lawful right.

All in violation of Title 18, United States Code, Section 1344.

## COUNT THREE
## [18 U.S.C. § 1028A]

The Grand Jury charges that:

1.     Between on or about the 3rd day of February, 2009, and on or about the 25th day of February , 2009, in Jefferson County in the Northern District of Alabama, the defendant,

### SHARON BUTLER ALEXANDER

did knowingly transfer and possess and use, without lawful authority, a means of identification of another person, to-wit, the name of G.S., a genuine Regions Bank customer, whose existence was known to the defendant, during and in relation to the bank fraud charged in Count Two of this Indictment, in violation of Title 18, United States Code, Section 1028A.

## COUNT FOUR
## [42 U.S.C. § 408(a)(7)(B)]

The Grand Jury charges that:

1.     Between on or about the 3rd day of February 2009, and on or about the 25th day of February 2009, in Jefferson County in the Northern District of Alabama, the defendant,

**SHARON BUTLER ALEXANDER**

for the purpose of obtaining anything of value, that is establishing a bank account, and with intent to deceive, did falsely represent Social Security Number XXX-XX-8610 to be the Social Security Number of D.G., a fictitious person, whereas the defendant then and there well knew this Social Security Number was not assigned to D.G. by the Commissioner of Social Security.

All in violation of Title 42, United States Code, Section 408(a)(7)(B).

### NOTICE OF FORFEITURE
### [18 U.S.C. § 982(a)(2)(A)]

1.      The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2.      Upon conviction of the offenses in violation of Title 18, United States Code, Sections 656 and 1344 set forth in Counts One and Two of this Indictment, the defendant,

**SHARON BUTLER ALEXANDER**,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained,

directly or indirectly, as a result of such violation(s).  The property to be forfeited includes, but is not limited to, the following: $18,800.00.

    3.    If any of the property described above, as a result of any act or omission of the defendant:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third party;

        c.    has been placed beyond the jurisdiction of the court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

    All pursuant to 18 U.S.C. § 982(a)(2)(A).

A TRUE BILL
*/s/ Electronic Signature*

FOREMAN OF THE GRAND JURY

                              JOYCE WHITE VANCE
                              United States Attorney

                              */s/ Electronic Signature*
                              DAVIS A. BARLOW
                              Assistant United States Attorney