FILED

2010 Dec-20 AM 10:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

DEC 2 0 2010

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:10-cr-448-SLB-TMP |
| | ) | |
| SHARON BUTLER ALEXANDER | ) | |

## PLEA AGREEMENT

The United States of America and Defendant **SHARON BUTLER ALEXANDER** hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to (i) plead guilty to **COUNTS ONE, TWO and FOUR** of the Indictment filed in the above numbered and captioned matter; (ii) pay restitution as recommended by the United States in paragraph III(e), below and (iii) consent to an order of forfeiture in the amount of $18,800.00, as outlined in paragraph IX, below. In exchange, the United States Attorney, acting on behalf of the United States and through the undersigned Assistant United States Attorney, agrees to dismiss **COUNT THREE** and recommend the disposition specified below.



Defendant's initials          Page 1 of 15

## TERMS OF THE AGREEMENT

## I. MAXIMUM PUNISHMENT:

The Parties understand that the maximum statutory punishment that may be imposed for the crime of Theft, Embezzlement or Misapplication by Bank Officer or Employee, in violation of Title 18, United States Code, Section 656, as charged in **COUNT ONE**, is:

      a.      Imprisonment for not more than 30 years;

      b.      A fine of not more than $1,000,000.00, or,

      c.      Both (a and b);

      d.      Supervised release of not more than 5 years; and

      e.      Special Assessment Fee of $100.00 per count.

The Parties understand that the maximum statutory punishment that may be imposed for the crime of Bank Fraud, in violation of Title 18, United States Code, Section 1344, as charged in **COUNT TWO**, is:

      a.      Imprisonment for not more than 30 years;

      b.      A fine of not more than $1,000,000.00, or,

      c.      Both (a and b);

      d.      Supervised release of not more than 5 years; and

e.      Special Assessment Fee of $100.00 per count.

The Parties further understand that the maximum statutory punishment that may be imposed for the crime of False us of a Social Security Number, in violation of Title 42, United States Code, 408(a)(7)(B), as charged in **COUNT FOUR**, is:

a.      Imprisonment for not more than 5 years;

b.      A fine of not more than $250,000.00, or,

c.      Both (a and b);

d.      Supervised release term of not more than 3 years, and

e.      Special Assessment Fee of $100.00 per count.

**SHARON BUTLER ALEXANDER**

## II. FACTUAL BASIS FOR PLEA:

The United States would be prepared to prove the following facts at the trial of this case:

In June 2006, **SHARON BUTLER ALEXANDER** was employed as a bank teller at the Peoples Bank branch located in Gardendale, Alabama. Peoples Bank was a FDIC-insured institution in June 2006. Through her job, **ALEXANDER** learned of

a customer named D.B., who maintained an account at Peoples Bank bearing account number XXXX8179 ("account #8179").

On or about June 20, 2006, **ALEXANDER** unlawfully, and without D.B.'s permission, transferred $2,500.00 from D.B.'s Peoples Bank account #8179 into **ALEXANDER's** personal account at Peoples Bank bearing account number XXXX1542 ("account #1542"). **ALEXANDER's** employment with Peoples Bank was subsequently terminated in July 2006. Peoples Bank total loss is $2,500.00.

In February 2009, **ALEXANDER** was employed as a CSR of Regions Bank, a FDIC-insured institution. Through her job, **ALEXANDER** learned of a Regions Bank certificate of deposit (hereinafter "CD") held in the name of G.S., which **ALEXANDER** had helped G.S. renew. The CD bore Regions Bank account # XXXXXX0447 ("account #0447"). **ALEXANDER** knew G.S. and was aware that G.S. was elderly and homebound.

On or about February 5, 2009, **ALEXANDER** closed the CD held in the name of G.S. bearing account #0447, by completing a debit slip in G.S.'s name, signed by Dorothy Graham for Sizemore. **ALEXANDER** did not have G.S.'s authority to close the CD. Graham, a fictitious person created by **ALEXANDER**, also did not have authority to close G.S.'s CD.

_____
Defendant's initials                    Page 4 of 15

On or about February 5, 2009, **ALEXANDER**, opened Regions checking account number XXXXXX3920 ("account #3920") in the name of Dorothy Graham. Graham is a fictitious person created by **ALEXANDER** using the personal identifiers of various Regions Bank customers known to **ALEXANDER**, including the Social Security Number of T.B., knowing that said Social Security Number did not belong to Graham. After closing the CD, **ALEXANDER** deposited $18,699.54, the CD proceeds, into account #3920.

Between February 6 and February 25, 2009, **ALEXANDER** withdrew $16,300.00, in cash from account #3920, which represents a portion of the proceeds of the CD bearing account #0447 unlawfully closed by **ALEXANDER**.

When interviewed by Regions Bank investigators, and later by federal agents, **ALEXANDER** admitted to her conduct. She is no longer employed by Regions Bank.

Regions' total loss is $16,365.00, which is comprised of the amount **ALEXANDER** withdrew from account #3920 ($16,300.00), plus a $65.00 early termination fee.

_____

Defendant's initials                    Page 5 of 15

The defendant hereby stipulates that the facts as stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence.

*Sharon Butler Alexander*

**SHARON BUTLER ALEXANDER**

## III. RECOMMENDED SENTENCE:

Pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend the following disposition:

(a)  That the defendant be awarded an appropriate reduction in offense level for acceptance of responsibility;

(b)  For her conviction on **COUNTS ONE, TWO and FOUR,** the Government will recommend that the defendant be sentenced to a term consistent to the low end of the advisory sentencing guideline range as calculated by the Court at the time of sentencing;

(c)  That following the said term of imprisonment, the defendant be placed on supervised release for a period of at least four years,

Defendant's initials                     Page 6 of 15

subject to the standard conditions of supervised release as set forth

in U.S.S.G. § 5D1.3;

(d) That the defendant be required to pay a fine within the advisory

guideline range as determined by the Court at the time of

sentencing, said amount due and owing as of the date sentence is

pronounced, with any outstanding balance to be paid in full by the

expiration of the term of supervised release;

(e) That the defendant be required to pay restitution in the amount of

$16,365.00, to the following victim:

> Regions Bank
> c/o Clerk of Court
> United States District Court
> Northern District of Alabama
> 1729 Fifth Ave. N.
> Birmingham, Alabama 35203.

and pay restitution in an amount to be determine by the court, to
the following victim:

> Peoples Bank
> c/o Clerk of Court
> United States District Court
> Northern District of Alabama
> 1729 Fifth Ave. N.
> Birmingham, Alabama 35203.



Defendant's initials                    Page 7 of 15

(f)    That the defendant pay a Special Assessment fee of $300, said

amount due and owing as of the date sentence is pronounced.

## IV. WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF:

In consideration of the recommended disposition of this case, I, SHARON

BUTLER ALEXANDER, hereby waive and give up my right to appeal my

conviction in this case, as well as any fines, restitution, and/or sentence the court

might impose upon me. Further I waive and give up the right to challenge any

conviction or sentence imposed or the manner in which the sentence was

determined in any collateral attack, including, but not limited to, a motion

brought under 28 U.S.C. § 2255, subject to the following limitations:

The defendant reserves the right to contest in an appeal or post-conviction

proceeding any or all of the following:

(a)    Any sentence imposed in excess of the applicable statutory

maximum sentence(s); and

(b)    Any sentence that constitutes an upward departure from the

advisory guideline sentencing range calculated by the court at

the time sentence is imposed.



Defendant's initials                    Page 8 of 15

The defendant acknowledges that before giving up these rights, she discussed the Federal Sentencing Guidelines and their application to her case with her attorney, who explained them to her satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, SHARON BUTLER ALEXANDER, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_Sharon Butler Alexander_
**SHARON BUTLER ALEXANDER**

## V. UNITED STATES SENTENCING GUIDELINES:

Counsel has explained to the defendant, that in light of the United States Supreme Court's recent decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

_____
Defendant's initials                     Page 9 of 15

## VI. AGREEMENT NOT BINDING ON COURT:

The Parties fully and completely understand and agree that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court need not accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, she does not have the right to withdraw her plea.

## VII. VOIDING OF AGREEMENT:

The defendant understands that should she (a) violate any federal, state, or local law after entering into this Plea Agreement, (b) move the Court to accept her plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or (c) tender a plea of *nolo contendere* to the charges, the agreement will become NULL and VOID, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained therein.

_____
Defendant's initials                    Page 10 of 15

## VIII.  OTHER DISTRICTS AND JURISDICTIONS:

The parties understand and agree that this agreement **DOES NOT BIND** any

other United States Attorney in any other district, or any other state or local authority.

## IX.  TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS:

Unless otherwise specified herein, the parties understand and acknowledge

that this agreement does not apply to or in any way limit any pending or prospective

proceedings related to defendant's **tax liabilities**, if any, or to any pending or

prospective **forfeiture** or other **civil** or **administrative** proceedings.

As a term of the negotiated plea agreement in this case, Defendant **SHARON**

**BUTLER ALEXANDER** agrees to consent to the entry of an entry of a final

forfeiture judgment against her in an amount totaling $18,800.00, pursuant to Fed. R.

Crim. P. 32.2(b)(1), based upon her plea of guilty to the offenses alleged in **COUNTS**

**ONE and TWO** of the Indictment and reflected by this Plea Agreement.  For

purposes of entering said order of forfeiture, the defendant acknowledges that a nexus

exists between said amount and the criminal offenses to which the defendant is

pleading guilty.  The defendant further acknowledges that the government is

authorized under law to seek the forfeiture of any and all assets of the defendant as

_____
Defendant's initials                    Page 11 of 15

substitute assets for the purpose of satisfying the forfeiture judgment until same is satisfied in full.

The defendant agrees to waive any Double Jeopardy challenges that she may have to the entry of a Forfeiture Order before sentencing.  The defendant agrees to waive any claims, defenses or challenges arising under the Excessive Fines Clause of the Eighth Amendment resulting from the forfeiture imposed as a result of this Indictment and/or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture.

The defendant hereby waives the requirements of Fed. R. Crim. P. 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement, and further agrees to not contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeitures on any grounds, including that the forfeiture constitutes double jeopardy, or an excessive fine or punishment.

## X. DEFENDANT'S UNDERSTANDING:

I have read and understand the provisions of this agreement consisting of 15 total pages.  I have discussed the case and my constitutional and other rights with my

_____
Defendant's initials                    Page 12 of 15

lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated hereafter:

Prescription meds Diabetic, prempro Hormones, Clonapan Effexor

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate I have read and

_____
Defendant's initials                    Page 13 of 15

approve all of the previous paragraphs of this Agreement, and understand all of the provisions of this Agreement, both individually and as a total binding agreement.


<u>12/15/10</u>
**DATE**

*Sharon Butler Alexander*
**SHARON BUTLER ALEXANDER**
**Defendant**

## XI. <u>COUNSEL'S ACKNOWLEDGMENT</u>:

I have discussed this case with my client in detail and have advised of her rights and all possible defenses. My client has conveyed to me that she understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein.


<u>12-15-10</u>
**DATE**

*Joseph A. Ingram*
**JOSEPH A. INGRAM, ESQ.**
**Defendant's Counsel**


_____
Defendant's initials

Page 14 of 15

## XII. GOVERNMENT'S ACKNOWLEDGMENT:

I have reviewed this matter and concur that the plea and disposition set forth

herein are appropriate and are in the interests of justice.


**JOYCE WHITE VANCE**
**United States Attorney**


12/20/10
_____
**DATE**

~~~David A. Barlow~~~
_____
**DAVIS A. BARLOW**
**Assistant United States Attorney**


_____
Defendant's initials

Page 15 of 15