## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## <u>SOUTHERN DIVISION</u>

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 2:10-cr-448-SLB-TMP** |
| | ) | |
| **SHARON BUTLER ALEXANDER** | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW the United States of America, by and through United States Attorney Joyce White Vance and Assistant United States Attorney Davis Barlow, and submits this sentencing memorandum for the Court's consideration in determining an appropriate sentence for Defendant Sharon Butler Alexander. For the reasons stated below, the Government recommends a low-end Guidelines sentence of 4 months plus restitution and forfeiture.

## INTRODUCTION

On December 20, 2010, the Defendant pleaded guilty to one count of theft, embezzlement or misapplication by a bank employee in violation of Title 18, United States Code, Section 656; one count of bank fraud in violation of Title 18, United States Code, Section 1344 and one count of false use of a Social Security Number in violation of Title 42, United States Code, Section 408(a)(7)(B).

1

In June 2006, while the Defendant was employed by Peoples Bank, a FDIC-insured institution, the Defendant transferred $2,500.00 from a customer's account, D.B., into her own account without the customer's permission. (Doc. 6). The Defendant was terminated from Peoples Bank in July 2006. (Doc. 6).

In February 2009, the Defendant was employed as a customer service representative at Regions Bank, a FDIC-insured institution. (Doc. 6). Through her job, the Defendant learned of a Regions Bank certificate of deposit ("CD") bearing account number XXXXXX0447, held in the name of G.S. (Doc. 6). The Defendant knew G.S. and was aware G.S. was elderly and homebound. (Doc. 6).

On or about February 5, 2009, the Defendant closed the CD held in the name of G.S., bearing account number XXXXXX0447, by completing a debit slip in G.S.'s name, signed by Dorothy Graham, a fictitious person created by the Defendant. (Doc. 6). The Defendant did not have permission to close G.S.'s CD. (Doc. 6).

On or about February 5, 2009, the Defendant opened Regions Bank check account number XXXXXX3920 in the name of Dorothy Graham, the fictitious person created by the Defendant. (Doc. 6). The Defendant used the personal identifiers of several Regions Bank customers known to the Defendant in creating Dorothy Graham and establishing a Regions Bank account in the name of Dorothy Graham. (Doc. 6). Specifically, the Defendant used the Social Security Number of T.B., knowing that

said Social Security number did not belong to Dorothy Graham. (Doc. 6). The Defendant subsequently deposited $18,699.54, the proceeds from G.S.'s CD, into account number XXXXXX3920. (Doc. 6).

Between February 6 and February 25, 2009, the Defendant withdrew $16,300.00 in cash from account number XXXXXX3920. (Doc. 6).

In accordance with the written plea agreement, the Government must recommend a sentence at the low end of the Guidelines range determined by the Court at sentencing. As explained below the Government believes the correct Guidelines range is 4-10 months. A sentence at the low end of that range would be appropriate in light of the sentencing factors set forth in Title 18, United States Code, Section 3553(a).

## ARGUMENT

### I.     The Correct Guidelines Range is 4-10 Months.

Although the Guidelines are not mandatory, they remain "the starting point and the initial benchmark" in determining the appropriate sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). "The Guidelines as written reflect the fact that the Sentencing Commission examined tens of thousands of sentences" over many years in an effort to achieve the objectives of Title 18, United States Code, Section 3553(a). *Rita v. United States*, 551 U.S. 338, 349 (2007). Thus, "it is fair to assume that the

Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve" those statutory objectives. *Id.* at 350.

The presentence report correctly calculates an offense level 9 and a criminal history category I, resulting in a Guidelines sentencing range of 4-10 months. Neither the Government nor the Defendant filed objections to the PSR.

## II.    The Court Should Not Vary From the Guidelines Range.

Having correctly calculated the Guidelines range, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in Title 18, United States Code, Section 3553(a).[1] The requirement is "not merely that a sentencing court . . . be stingy enough to avoid [a sentence] that is too long, but also that it be generous enough to avoid one that is too short." *United States v. Irey*, 612 F.3d 1160, 1167 (11th Cir. 2010) (en banc). As

---

[1] Section 3553(a) requires the Court to consider the following factors in determining the appropriate sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established by the Sentencing Guidelines; (5) any pertinent Guidelines policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

explained below, the Government believes a sentence of 4 months—within the applicable Guidelines range—would achieve the purposes of sentencing set forth in Section 3553(a).

The recommended sentence appropriately reflects "[t]he nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Defendant, while employed by Peoples Bank, transferred $2,500.00 from a customer's account to her own account in June 2006, without the customer's permission. The Defendant's employment was terminated as a result of her conduct.

In 2009, while an employee of Regions Bank, the Defendant *again* took money from a bank customer without the customer's permission. (Emphasis added). As opposed to conducting a transfer from the customer's account to her own account as the Defendant did in 2006, this time the Defendant executed a scheme wherein she created a fictitious individual, Dorothy Graham, using the identifiers of Regions Bank customers known to the Defendant. Specifically, the Defendant used the Social Security Number of T.B., a Regions Bank customer; an Alabama driver's license number of A.B., a Regions Bank customer; and the address of M.J.T., the mother of T.B., in creating the identity of Dorothy Graham. The Defendant then closed the Regions Bank CD held in the name of G.S., an individual known to the Defendant,

and deposited those funds into the newly created account of Dorothy Graham, the Defendant's creation. The Defendant withdrew and spent $16,300.00 from Dorothy Graham's account over the next twenty days. The Defendant then left Regions Bank to take a job with another financial institution.

In both instances detailed above, the bank customers were over the age of 60.[2] Certainly the age of the victims should be a factor that this Court considers when determining the Defendant's sentence, coupled with the fact that these were not random crimes - the Defendant knew both of her victims.

The recommended sentence also "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Those considerations reflect "the 'just deserts' concept, which carries the need for retribution, the need to make the punishment fit the crime, and the need not just to punish but to punish justly." *Irey*, 612 F.3d at 1206. The Eleventh Circuit has explained that "[b]ecause the punishment should fit the crime, the more serious the criminal conduct is the greater the need for retribution and the longer the sentence should be. The seriousness of the crime varies directly with the harm it causes or threatens. It follows that the greater the harm the more serious the crime, and the longer the sentence should be." *Id.*

---

[2] G.S. was over the age of 80 at the time the Defendant victimized her.

Despite the fact that the dollar loss was not exceptionally high, the crimes committed by the Defendant are very serious - serious enough that a sentence of 4 months will reflect the seriousness of the offense, promote respect for the law and provide just punishment. The crimes committed by the Defendant not only affected D.B. and G.S., but also the Defendant's employers, Peoples Bank and Regions Bank, and the individuals whose identifying information the Defendant used to create Dorothy Graham.

Furthermore, the Defendant pled guilty to two Class B felonies for which probation is not an option. *See* 18 U.S.C. §§ 656, 1344, 3561(a)(1). The mere fact that probation is not an option reflects the seriousness of the offense.

The Defendant's actions demonstrate that her behavior is not a one time occurrence. There are now two documented instances where the Defendant removed money from a bank customer's account for the Defendant's benefit. In the second instance, the Defendant went to greater lengths by creating a scheme to defraud using a fictitious person to help execute the scheme - a fictitious person the Defendant created using the personal identifiers of other Regions Bank customers known to the Defendant.

A sentence of 4 months would "afford adequate deterrence to criminal conduct" and would "protect the public from further crimes of the defendant." 18 U.S.C. §

3553(a)(2)(B)-(C). "The more serious the crime and the greater the defendant's role in it, the more important it is to send a strong and clear message that will deter others." *Irey*, 612 F.3d at 1212. "[E]conomic and fraud-based crimes are . . . prime candidates for general deterrence. Defendants in white collar crimes often calculate the financial gain and risk of loss, and white collar crime therefore can be affected and reduced with serious punishment." *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) (quotations omitted).

As previously stated, the Defendant has shown the propensity to repeat criminal activity. A sentence of 4 months will help to deter the Defendant's continued criminal activity.

The recommended sentence is within the Guidelines range and therefore reflects the kinds of sentences and the sentencing range established by the Sentencing Commission in its Guidelines and policy statements. *See* 18 U.S.C. § 3553(a)(4)-(5). Although the Guidelines are advisory, "they are still to be given respectful consideration." *Irey*, 612 F.3d at 1217. "Even though not bound by the guidelines, a sentencing court may not give them so little consideration that it amounts to not giving any real weight to the Guidelines range in imposing the sentence." *Id.* (quotations omitted).

In this case, probation is not an option because the Defendant pled guilty to two Class B felonies. *See* 18 U.S.C. § 3561(a)(1), *see also* 18 U.S.C. §§ 656, 1344 and 3559. As such, a term of imprisonment is required. *See United States v. Crisp*, 454 F.3d 1285 (11th Cir. 2006) ("While a five-hour sentence is not probation, neither is it a real sentence of incarceration."). A sentence of 4 months, the low end of the guideline range as recommended by the government, would constitute a "real" sentence as defined by the Eleventh Circuit in *Crisp*.

A sentence of 4 months would "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Section 3553(a)(6) focuses on *unwarranted* disparities among *similarly-situated* federal defendants. At the outset, a correct calculation of the Guidelines range guards against unwarranted disparities among similarly-situated defendants. *See Gall*, 552 U.S. at 55 ("avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges"); *United States Hunt*, 459 F.3d 1180, 1184 (11th Cir. 2006) ("the Guidelines . . . are an indispensable tool in helping courts achieve Congress's mandate to consider 'the need to avoid unwarranted sentence disparities' among similarly situated defendants"). Thus, a sentencing within the Guidelines range likely satisfies Section 3553(a)(6).

Finally, the sentence also reflects "the need to provide restitution to any victim of the offense."  18 U.S.C. § 3553(a)(7).  The Government seeks restitution in the amount of  $16,365.00 be paid to Regions Bank and $500.00 be paid to Peoples Bank as part of the Defendant's sentence.

## CONCLUSION

For the reasons stated above, the Government recommends a sentence of 4 months of imprisonment, a low-end Guidelines sentence.  The Government also requests restitution in the amount of $16,865.00 ($16,365.00 for Regions Bank and $500.00 for Peoples Bank) and forfeiture of $18,800.00 as described in the Notice of Forfeiture contained in the Indictment.

Respectfully submitted this 18th day of April, 2011.

JOYCE WHITE VANCE
United States Attorney


/s/ *Davis Barlow*
DAVIS BARLOW
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of Court, Northern District of Alabama, on this 18th day of April, 2011, using the CM/ECF filing system which will send notification of said filing to all counsel of record.

*/s/ Davis Barlow*
DAVIS BARLOW
Assistant United States Attorney
1801 Fourth Avenue North
Birmingham, Alabama 35203
(205)  244-2134